[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Town of Montville, through its Water Pollution Control Authority, filed with the clerk of the court a statement of compensation in regard to the taking of the premises referred to in this case. The applicants are the owners of the premises. They claim that they are aggrieved by the statement of compensation and have applied to this court for review of the statement of compensation.
In accordance with the statutes, the court has viewed the property as required.
The plaintiff retained F. Jerome Silverstein, an appraiser, to appraise the property and place a value on the damage to it as a result of the loss thereof. The Town of Montville, awarded $100,000 in damages for the taking of the property. CT Page 5401
Silverstein, in a report dated May 2, 2000, testified that the property had a market value as of November 7, 2000 of $1,119,000. He found the market value after the taking to be $667,000 with resulting damage to the property of $452,000. The take was 2.61 acres. The land remaining was 28.80 acres out of the original parcel of land which consists of 31.41 acres off Route 32 in Montville.
Silverstein used the direct sales comparison approach. The value is to the land only since the existing buildings have no value. The appraiser used four properties for comparison. The court finds them to be comparable to the land in question.
The appraiser used four comparable sales. The sale in Lisbon consisted of 21.53 acres and was found to have a value of $58,000 per acre. Sale number two was in Norwich, a sale of 16.6 acres and was found to have a value of $51,205 per acre. Sale number three was in Stonington a sale of 10.1 acres with a value of $44,000 per acre. The final sale was in Waterford a sale of 19.96 acres and was found to have a value of $47,000 per acre.
The topography of the land in all of these areas were similar to that of the subject property. They are all similar to the subject area which was evaluated at $45,000 per acre for 23 acres and $10,000 per acre for the remaining 8.41 acres of land with ponds.
The Town of Montville presented Robert H. Silverstein, as an appraiser. His appraisal as to value was as of June 30, 2000. He found the value before taking to be $657,000, value after taking $585,000 and severance damages to be $72,000. Robert H. Silverstein also used a direct sales comparison approach. He reviewed seventeen properties for comparison. The value per acre ranges from a high of $102,041 per acre to a low of $15,698 per acre.
The defendant also presented as an appraiser, Robert J. Flanagan. He did the appraisal for the Town of Montville on November 27, 2000. He valued the property before taking at $680,400, after the taking $550,400, severance damage $130,000. Robert Flanagan also used the sales comparison approach. He listed and described four comparable properties. The values were Preston, 14 acres, $28,571 per acre; Lisbon, 16.30 acres at $55,215 per acre; Lisbon, 21.53 acres at $58,059 per acre, and Norwich, 16.60 acres at a value of $51,205 per acre.
F. Jerome Silverstein puts a fair market value on the property prior to the taking of $1,119,000. He based that figure on a sales analysis of comparable properties and on an analysis of several factors including, CT Page 5402 environmental hazards, regional data, demographics, income, location near the casinos, Dodd Stadium and other facilities, neighborhood data, zoning (commercial) and the land and buildings on the property. He then lists four comparable lands sales to reach his conclusion. Robert H. Silverstein puts a fair market value on the property of $657,000. He bases this figure on comparison sales of seventeen properties that he reviewed. He values the subject property of $20,900 per acre. However, he testified that the property was listed for sale for $825,000. Also he stated that is October, 1999, the property was assessed at its total value of $762,000. Both of these figures are higher than his value of $657,000.
Flanagan valued the property at $680,400 as of November 27, 2000. He found the property to have a value of $40,000 per acre prior to the taking. He estimates the loss of value as a result of the taking to be 50% of the value prior to the taking. Jerome Silverstein placed the loss as about 33% of the value. All three appraisers considered the same factors as to the area, zoning, location and demographics. The main difference is their findings as to the value prior to the taking and the market value after the taking. F. Jerome Silverstein found the loss to be over 40%. Robert H. Silverstein found it to be slightly more than bob and Flanagan found it to be slightly less than 20%.
All of the appraisers agreed that the cemetery would reduce the value slightly. Regarding the sewer treatment plant, F. Jerome Silverstein found it to have no effect on value. Robert H. Silverstein opined the plant will have a negative effect on value and Flanagan did not comment on the treatment plant in his appraisal.
The court finds that the values as expressed by F. Jerome Silverstein to be the more accurate and appropriate. His comparison seemed to be closer to the actual demographics of the land in question. The court, therefore, finds his appraisal to be the more appropriate one in this case. The court, therefore, finds the loss as a result of the taking to be $452,000.
The court, therefore awards judgment in the amount of $452,000.
D. Michael Hurley, Judge Trial Referee